Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1707 | **DATE** | 5/8/2002 |
| **CASE TITLE** | U.S.A. Ex rel. Johnnie Ross vs. Kenneth Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Respondent's motion to dismiss is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | 5-9-02 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 24 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED MAY 0 9 2002

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JOHNNIE ROSS, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) No. 00 C 1707<br>)<br>) Judge George W. Lindberg |
| KENNETH BRILEY, | )<br>) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Johnnie Ross, a prisoner in custody of the Illinois Department of Corrections, has filed a petition for federal habeas corpus relief, which respondent has moved to dismiss. For the reasons stated below, the motion to dismiss is denied.

In 1994, petitioner was convicted of murder, attempt murder, armed robbery, and aggravated battery with a firearm. He was sentenced to a total of ninety years imprisonment. Petitioner appealed his conviction to the Illinois Appellate Court, which affirmed his convictions of murder, attempt murder, and one of three armed robbery convictions. The Illinois Supreme Court denied petitioner's Petition for Leave to Appeal on June 4, 1997.

On March 14, 1997, petitioner filed his first petition for post-conviction relief in the Circuit Court of Cook County. The Circuit Court of Cook County dismissed the petition as frivolous and patently without merit on June 10, 1997, and the Illinois Appellate Court affirmed the circuit court judgment on December 22, 1998. The Illinois Supreme Court denied leave to appeal on June 2, 1999.

Petitioner subsequently filed a second petition for post-conviction relief.[1] The circuit court summarily dismissed this petition. The Illinois Appellate Court affirmed the dismissal on August 24, 1999. The Illinois Supreme Court denied leave to appeal on December 1, 1999.

On November 9, 1999, petitioner filed a third petition for post-conviction relief. The circuit court summarily dismissed this petition. On December 10, 2001, the Illinois Appellate Court affirmed the circuit court's judgment. According to respondent, petitioner did not seek leave to appeal to the Illinois Supreme Court.

Petitioner filed a fourth petition for post-conviction relief on March 20, 2000. The circuit court summarily dismissed this petition on April 18, 2000. The Illinois Appellate Court affirmed the dismissal on August 6, 2001, and the Illinois Supreme Court denied leave to appeal on December 5, 2001.

Also on March 20, 2000, while petitioner's third and fourth petitions for post-conviction relief were still pending, petitioner filed a habeas corpus petition in this court. Petitioner requested that this court stay the federal habeas corpus proceedings until the state court proceedings concluded. On May 4, 2000, this court granted petitioner's motion for a stay, dismissed the action without prejudice, and granted petitioner leave to reinstate the action within sixty days after the conclusion of the state court proceedings. On January 15, 2002, petitioner moved to reinstate this habeas corpus action, and this court granted the motion. Respondent has moved to dismiss the habeas corpus petition as untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a petitioner to

---

[1] Respondent has not provided petitioner's second post-conviction petition, but represents that it was filed on November 9, 1998.

file a habeas corpus petition within one year of the date his conviction became final by the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly filed application for state post-conviction or other collateral review is pending tolls this limitation period. 28 U.S.C. § 2244(d)(2). For this purpose, a post-conviction petition is considered to have been properly filed if the state court considered its claim on the merits, but is considered to have not been properly filed if the state court dismissed it for procedural defects such as untimeliness. Rice v. Bowen, 264 F.3d 698, 701 (7th Cir. 2001). In 2001, the Supreme Court held that a federal habeas petition does not toll the limitation period. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Applying these rules to the facts before the court, petitioner's conviction became final on June 4, 1997. The limitation period was tolled until June 2, 1999 by the pendency of petitioner's first post-conviction petition, which was properly filed. Assuming for the sake of argument that petitioner's subsequent post-conviction petitions were not properly filed,[2] the limitation period expired on June 2, 2000. Petitioner's original habeas petition, filed on March 20, 2000, was

---

[2] Respondent states that petitioner's second and third post-conviction petitions were summarily dismissed, but has not provided the court with the dismissal orders. The circuit court's order dismissing petitioner's fourth post-conviction petition is in the record, but does not give the court's reason for the dismissal. A summary dismissal does not necessarily mean that the filing was improper. For example, under Illinois law, courts must summarily dismiss frivolous or patently meritless post-conviction petitions, see 725 ILCS 5/122-2.1(a)(2), a determination that requires an inquiry into the merits. See Rice, 264 F.3d at 702. However, it would appear that petitioner's second, third, and fourth post-conviction petitions were untimely under the state rule requiring defendants who file a direct appeal to file a post-conviction petition within six months after denial of leave to appeal. See 725 ILCS 5/122-1(c). In addition, at least in the case of the second post-conviction petition, this conclusion is supported by the Illinois Appellate Court's description of that petition, in its order affirming the dismissal of petitioner's third post-conviction petition, as "successive and untimely." The court assumes for the sake of argument that only petitioner's first post-conviction petition was properly filed.

3

timely but did not toll the limitation period. Thus, the issue is whether this court's order staying the habeas proceedings was effective.

In this type of situation, where timeliness of a habeas petition may become an issue, a federal court should stay the habeas proceedings pending the resolution of the state post-conviction proceedings. See Duncan, 533 U.S. at 182-83 (Stevens, J., concurring) ("there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so...when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period."). That is precisely what this court did when it granted petitioner's motion for a stay. That the court coupled its order for a stay with a dismissal with leave to reinstate is of no moment; this court's intention to retain jurisdiction is implicit in its order that the matter be stayed. See Baltimore & Ohio Chicago Terminal R.R. Co. v. Wisconsin Cent. Ltd., 154 F.3d 404, 408 (7th Cir. 1998) ("if there is a practical difference between [a dismissal with leave to reinstate] – especially when coupled with a purported retention of jurisdiction – and a stay, we can't find it."). Therefore, because this court stayed the habeas proceedings, the court looks to the date the original habeas petition was filed. That date was within the AEDPA's limitations period.

Even if this court's action were interpreted as divesting itself of jurisdiction and thus rendering this habeas action untimely under the AEDPA, however, principles of fairness would still dictate the same result. The AEDPA's one-year limitations period is not jurisdictional, and therefore may be subject to equitable tolling. Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999). Equitable tolling allows a plaintiff to avoid the expiration of the statute of limitations "if

4

it would have been unreasonable to expect him to sue earlier." Shropshear v. Corporation Counsel, 275 F.3d 593, 595 (7th Cir. 2001). For equitable tolling to apply, "[e]xtraordinary circumstances far beyond the litigant's control must have prevented timely filing." United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000).

The court finds that extraordinary circumstances exist in this case that make equitable tolling appropriate. If this court's decision to grant petitioner's request for a stay and dismiss the action with leave to reinstate had the unintended effect of rendering the petition untimely, petitioner cannot be held responsible. Petitioner, on his part, demonstrated reasonable diligence in pursuing his unexhausted claims in state court, and sought to reinstate his habeas petition in this court only 41 days after the state proceedings concluded, well within the 60 days the court had given him to do so. Given the circumstances in this case, the court finds that the statute of limitations is equitably tolled such that this action is timely, even if it would be time-barred under the AEDPA.

**ORDERED:** Respondent's motion to dismiss is denied.

ENTER:

George W. Lindberg
Senior United States District Judge

DATED: MAY 0 8 2002

5